# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Elizabeth Wilson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| vs. | ) |
| | ) |
| Curtis O. Barnes, Individually and | ) |
| Calfin Holdings, LLC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4. Plaintiff Elizabeth Wilson (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Curtis O. Barnes, (hereinafter "Defendant Barnes"), is an attorney operating from an address of 390 West Cerritos Avenue, Anaheim, California, 92805 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Calfin Holdings LLC., (hereinafter "Defendant Calfin"), is a collection agency operating from an address of 390 West Cerritos Avenue, Anaheim, California, 92805 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to February 2008, upon information and belief, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

9. Defendant, as part of its collection campaign, repeatedly contacted Plaintiff by telephone.

10. Upon information and belief in February of 2008, Plaintiff's mother started receiving phone calls from Defendant in regards to Plaintiffs alleged debt.

Defendant told Plaintiff's mother, "If you can't get your checkbook right now and pay the full amount, you might as well go get an attorney."

11. Upon information and belief, on numerous occasions Defendant Barnes contacted Plaintiff and failed to disclose that Defendant Barnes was a debt collector and that any information would be used for that purpose.

12. The conduct of Defendants in failing to provide Plaintiff with a Mini-Miranda, by not disclosing that it is a debt collector and that all information would be used for that purpose, in each communication and by verbally abusing Plaintiff is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(5), and 1692f amongst others.

*Summary*

13. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

**TRIAL BY JURY**

14. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

15. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

17. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

18. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

19. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

20. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

21. actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

22. such other and further relief as may be just and proper.

Dated:  January 30, 2009                   **SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**

  s/ Mark L. Vavreck                          .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:   (612) 659-9220
mark@smgvlaw.com

**ATTORNEY FOR PLAINTIFF**